## JOHN ROWE *vs.* GEORGE F. TRUITT.

An indorsement of a writ with the plaintiff's name merely, made by his attorney specially authorized in writing for that purpose, is a sufficient indorsement thereof.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

At the first term the defendant moved, that the writ be abated for want of being duly indorsed. The plaintiff's counsel, being specially authorized in writing for that purpose, wrote the name of the plaintiff, "*John Rowe,*" upon the back of the writ when it was made. The Judge decided, that the writ was not indorsed agreeably to the statute, and adjudged, that the same should be abated. The plaintiff filed exceptions.

*S. Emery,* for the plaintiff, cited and relied upon *Stevens* v. *Getchell,* 2 *Fairf.* 443.

*Codman,* for the defendant, contended, that neither the plaintiff, nor the attorney, was bound, and that it was a mere evasion of the statute. *Harmon* v. *Watson,* 8 *Greenl.* 286.

The case was continued for advisement, and the opinion of the Court prepared afterwards by

EMERY J. — At the Court of Common Pleas, it was adjudged, that this writ was not indorsed agreeably to the statute, and that the same be abated. The writ was indorsed with the name of the plaintiff, simply thus, "*John Rowe,*" and it was admitted, that the name thus indorsed was written not actually by the plaintiff, but by his counsel, and by the direction and order of the plaintiff, who specially authorized him in writing to sign his, the plaintiff's, name as aforesaid.

In 2 *Fairfield,* 443, *Stevens* v. *Getchell,* the principal question was upon the sufficiency of the indorsement of the writ, which was thus, " *Jacob Stevens,* indorser," admitted to have been written by *B. F. Emery, Esq.* the attorney who commenced the action, but in the presence of said *Stevens,* he making no objection thereto.

The Court decided, that being an inhabitant of the State, he had a legal right to indorse his own writ. He had authority to write his name himself, or empower another person as his agent to write it for him. The Court inferred the plaintiff's assent to the act of Mr. *Emery,* in so indorsing his name, and sustained the indorsement. And in the case under consideration, the plaintiff specially authorized his counsel in writing to sign his, the plaintiff's, name as aforesaid, and by his direction and order it was done. The case of *Skillings* v. *Boyd,* 1 *Fairf.* 43, was also cited in *Stevens* v. *Getchell,* as shewing it was not necessary to add the character of *attorney* to the name of the person who wrote the name of the principal.

The Court also considered it worthy to connect the fact of the prosecution of the suit by *Stevens,* after the objection was made and urged against the legality of the indorsement, as the ratification of the act of *Emery,* in signing the name of *Stevens,* as indorser, and equivalent to a previous authority.

And here we find *Rowe* persevering in his prosecution of the suit, after an objection against the propriety of the indorsement, and an adjudication against it.

The decision in *Stevens* v. *Getchell,* was in 1834. We do not recollect that it has since been overruled. We are of opinion, that the writ in this case was legally indorsed. The exceptions are sustained, and we adjudge that the defendant answer over to the merits of the action.